UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| JON KEENEY, On Behalf of Himself and All Others Similarly Situated, | * * * | Civil Action No. AMD-01-CV-2670 |
| Plaintiff, | * | |
| v. | * * * | |
| JOHN G. LARKIN and MICHAEL R. AZARELA, | * * * | |
| Defendants. | * | |

**SUPPLEMENTAL MEMORANDUM
IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendants submit this memorandum, in accord with the Court's direction at oral argument on June 18, 2003, to respond to Plaintiff's Surreply Memorandum in Response to Defendants' Reply Memorandum in Further Support of Motion to Dismiss (the "Surreply"). Considering that the Surreply consists largely of allegations that have been made several times previously, Defendants will make their best effort to be brief.

## ARGUMENT

### I.  Plaintiff Fails to State a Claim Under Rule 10b-5

#### A.  Plaintiff's Allegations Regarding Integration Fail

At oral argument, Plaintiff's counsel was forthright with the Court regarding the viability of Plaintiff's integration-related allegations. *See* Transcript of June 18, 2003 Hearing ("Hearing Transcript"),[1] pp. 33:20-34:5; 38:2-4. Indeed, counsel appeared to concede that a primary rationale for pursuing the integration theory is that it would allow him an "easier avenue of discovery" than would the false financial statement theory. Hearing Transcript, p. 34:14-21. In light of counsel's candor, Defendants will not address integration issues herein, except by reference to the Court's analysis of the subject:

> . . . a reasonable investor has to understand that integration in this context is a process and not a point in time.

Hearing Transcript, p. 11:7-8.

---

[1]  A copy of the Hearing Transcript is attached hereto as Exhibit A.

### B. Plaintiff's Allegations Regarding False Financial Statements Fail

Plaintiff's counsel deftly switched theories at oral argument, stating that the focus of his case is not integration, but "falsified financial reports." Hearing Transcript, p. 33:10-11. Of course, this focus is not apparent from the Surreply, which devotes seven pages to integration and none to financial statements.[2] Even allowing that Plaintiff's case truly rests on allegedly false financial statements, Plaintiff fails to state a claim with respect to these issues.

As emphasized at oral argument, the "financial statement" allegations center on the accounting practices of two RailWorks Corporation ("RailWorks") subsidiaries, HSQ Technologies, Inc. ("HSQ") and Dura-Wood, LLC ("Dura-Wood"). Defendants addressed the insufficiency of these allegations at length in the Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum"), pp. 39-42, and will not revisit that discussion, in the interest of brevity.

Nonetheless, it is most significant that Plaintiff has made no attempt to plead (or explain) materiality with respect to accounting practices at HSQ or Dura-Wood. At oral argument, Plaintiff's counsel did not address this issue at all, and understandably so. RailWorks was a company with 35 subsidiaries. There is no colorable basis for arguing that the failure of one subsidiary, Dura-Wood, to pay an unspecified amount of state sales tax, or its improper valuation of certain receivables, was material to RailWorks. Amended Complaint ¶¶ 63-66. Likewise, it can hardly be material that changes to "historical means of accounting" were made at HSQ, another single subsidiary. *See* Hearing Transcript, p. 26:10-12; Amended Complaint ¶ 59.

---

2   The lack of attention to financial statements in the Surreply seems especially odd considering that, at oral argument, Plaintiff's counsel suggested that there was "additional work" on this subject presented in the Surreply. *See* Hearing Transcript, pp. 32:19-33:4.

### C.  Plaintiff's Allegations Regarding the Chief Restructuring Advisor Fail

In his opposition papers (although not in the Amended Complaint), Plaintiff alleged that RailWorks did not disclose its hiring of a Chief Restructuring Advisor. Memorandum of Law in Support of Plaintiff's Opposition to Motion to Dismiss ("Plaintiff's Memorandum"), p. 32. Defendants pointed out that this allegation was patently false in their reply. Defendants' Reply Memorandum in Further Support of Motion to Dismiss, p. 11. As a result, Plaintiff has changed his theory and now asserts that RailWorks did not disclose that the Chief Restructuring Advisor's role was "to deal with the securities and lias [sic] with the bankruptcy counsel and the creditors' committee . . ." Surreply, p. 2.

This alleged non-disclosure is not actionable, considering that RailWorks described the Chief Restructuring Advisor as a "financial crisis manager who has led several successful turnarounds and whose responsibilities will include leading the Company's efforts to develop the recovery plan." Affidavit of Andrew Jay Graham to Defendants' Memorandum, Ex. jj, 8/20/01. As such, investors were provided with appropriate information regarding the role of the Chief Restructuring Advisor.

### D.  Plaintiff Fails to Plead Scienter

With respect to scienter, the Surreply focuses entirely on the fact that Defendant Larkin made statements regarding integration. Surreply pp. 9-11. As discussed, Plaintiff's counsel has conceded, in essence, that his allegations regarding integration are not colorable. Thus, Plaintiff cannot plead scienter on the basis of integration-related statements. Further, Plaintiff has not pled scienter under any other theory – such as the Defendants' stock transactions – and is unable to do so. *See* Defendants' Memorandum, pp. 32-37.

## II. Plaintiff Should not Be Granted Leave to Amend

Leave to amend is properly denied when amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Under this general principle, courts deny motions to amend when an amended complaint would not withstand a motion to dismiss, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), or a motion for summary judgment. *Black & Decker, Inc. v. Greenfield Indus., Inc.*, 1991 WL 239121, at *1 (D. Md. Nov. 4, 1991). In the context of a securities fraud claim, the inability to plead essential elements constitutes grounds for denying leave to amend. *See, e.g., Grossman v. Novell, Inc.*, 120 F.3d 1112, 1125-26 (10th Cir. 1997).

Here, the Court can determine that amendment would be futile because Plaintiff has told the Court precisely those allegations he would include in yet another amended complaint. First, in both Plaintiff's Memorandum and the Surreply, Plaintiff repeatedly refers to allegations that are not pled, but which we are told could be contained in a second amended complaint. *E.g.,* Plaintiff's Memorandum pp. 7, 12, 15, 32; Surreply pp. 2-4, 6. Second, at oral argument, Plaintiff's counsel discussed allegations that are not before the Court, but which he said could be included in a second amended complaint. Hearing Transcript, p. 24:12-13.

Considering that Plaintiff has been making his best efforts to salvage the Amended Complaint, it is safe to assume that he has presented to the Court the most compelling additional allegations he can muster. Yet, Plaintiff would fail to plead essential elements of his claim, such as materiality and scienter, even were he allowed to include these additional allegations in a second amended complaint. Indeed, it is difficult to imagine that Plaintiff could make any good-faith allegations through which he could plead scienter. Further, Plaintiff has admitted that the allegations he has offered are insufficient to survive a motion for summary judgment. Hearing

Transcript, p. 31:16-19. Thus, any amendment on Plaintiff's part would be futile and his claim should be dismissed with prejudice. *See, e.g., Grossman v. Novell, Inc.* 909 F. Supp. 845, 852 (D. Utah 1995), *aff'd* 120 F.3d 1112 (10th Cir. 1997) (futile to amend where scienter theories discussed in opposition memorandum are insufficient).

## CONCLUSION

The thin reeds that Plaintiff grasps in an attempt to preserve the Amended Complaint are simply too weak to support him. Plaintiff has essentially conceded that his allegations regarding integration are not colorable. Plaintiff's allegations regarding accounting practices and the Chief Restructuring Advisor are equally lacking and fail to state a claim. Further, considering that the allegations which Plaintiff has informed the Court would be in a second amended complaint do not state a claim, Plaintiff should not be granted the opportunity to submit a third complaint. Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety and with prejudice.

Dated: July 3, 2003

                KRAMON & GRAHAM, P.A.


                By:_____/s/_____
                  Andrew Jay Graham (00080)
                One South Street, Suite 2600
                Baltimore, MD 21202
                (410) 752-6030
                Attorneys for Defendants
                John G. Larkin and Michael R. Azarela

Of Counsel:
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Stewart D. Aaron
Joshua Colangelo-Bryan