NOTICE OF ISSUANCE OF MANDATE

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

August 11, 2004

**MANDATE**

TO: Clerk, District Court/Agency

FROM: Deborah S. Daniel
      Deputy Clerk

RE: 03-2127 Keeney v. Larkin
    CA-01-2670-AMD

HEREWITH IS THE MANDATE OF THIS COURT, ISSUED THIS DATE,
ON THE JUDGMENT ENTERED BY THE COURT ON 7/20/04.

[ ] Order and Certified Copy of Judgment
[x] Opinion and Certified Copy of Judgment
[ ] Order on Costs
[ ] Order dismissing appeal R42(b) or Local Rule 45
[ ] Other: _____
[ ] The record has been retained for use in case number _____

cc: Stewart David Aaron
    Joshua Nicholas Colangelo-Bryan
    Andrew Jay Graham
    Stuart W. Emmons
    William B. Federman

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JON KEENEY, on behalf of himself
and all others similarly situated,
        Plaintiff-Appellant,

v.

JOHN G. LARKIN; MICHAEL R
AZARELA,
        Defendants-Appellees,

and

RAILWORKS CORPORATION
        Defendant.

No. 03-2127

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-01-2670-AMD)

Argued: May 5, 2004

Decided: July 20, 2004

Before WILKINS, Chief Judge, NIEMEYER, Circuit Judge,
and Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion

## COUNSEL

ARGUED: Stuart W. Emmons, FEDERMAN & SHERWOOD
Oklahoma City, Oklahoma, for Appellant. Stewart David Aaron,

DORSEY & WHITNEY, New York, New York, for Appellees. **ON BRIEF:** William B. Federman, FEDERMAN & SHERWOOD, Oklahoma City, Oklahoma; Price O. Gielen, NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A., Baltimore, Maryland, for Appellant. Joshua Colangelo-Bryan, DORSEY & WHITNEY, New York, New York; Andrew Jay Graham, KRAMON & GRAHAM, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jon Keeney appeals a district court order dismissing his securities fraud claims against John G. Larkin, the former chairman and chief executive officer of RailWorks Corporation, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and provisions of the Private Securities Litigation Reform Act of 1995, see 15 U.S.C.A. § 78u-4(b) (West 1997 & Supp. 2004). We affirm.

RailWorks was formed in 1998 with the intent of becoming a national provider of integrated rail system services and products, including the construction and maintenance of rail systems. RailWorks' business plan involved the acquisition of companies operating in complementary areas of the rail industry. From August 1998 through 2000, RailWorks acquired 35 such companies or groups of companies.

On September 28, 2000, RailWorks issued a press release announcing that its earnings for the year 2000 would be lower than expected and that the company was implementing a restructuring plan. As a result of that announcement, shares of RailWorks stock lost 54 per-

cent of their value. On August 20, 2001, RailWorks announced in another press release that (1) the company had sustained a significant net loss during the second quarter of 2001; (2) as a result of that loss, the company failed to satisfy requirements under a debt agreement; and (3) the company would soon lack sufficient credit to fund its current operations. This press release also explained that Larkin and another senior RailWorks officer had resigned and that RailWorks' lenders had issued the company a notice of default. Following these announcements, the value of RailWorks' stock declined by more than 75 percent.

Keeney subsequently brought this proposed class action on behalf of investors who purchased securities of RailWorks between February 10, 1999 and August 20, 2001. Keeney claimed that RailWorks and its officers made numerous misrepresentations and omissions of fact in violation of section 10(b) of the Securities Exchange Act of 1934, *see* 15 U.S.C.A. § 78j(b) (West Supp. 2004), and Rule 10b-5, *see* 17 C.F.R. § 240.10b-5 (2003). In particular, Keeney alleged that prior to the press releases described above, RailWorks issued a series of public statements falsely representing that RailWorks had successfully integrated the operations of its acquired companies (the "integration claims"). Keeney further claimed that RailWorks made false statements and omissions concerning particular financial issues, including the company's access to credit, the value of certain assets, the potential for bankruptcy, and the financial condition and accounting practices of certain acquired companies (the "financial claims").

Larkin moved to dismiss, arguing that Keeney's complaint failed to satisfy various pleading requirements for securities fraud claims. Regarding the integration claims, the district court determined that Keeney had adequately pled that Larkin made false statements or omissions. However, the court concluded that these alleged misrepresentations and omissions were not material because RailWorks clearly disclosed to investors—in "a mass" of other public statements, *Keeney v. Larkin*, 306 F. Supp. 2d 522, 533 (D. Md. 2003)—that the integration of the acquired companies was an ongoing process and that there were substantial business risks associated with that process.

With respect to the financial claims, the district court held that even if Keeney had sufficiently alleged material misrepresentations or

| 4 | KEENEY v. LARKIN |
|---|---|

omissions, he had failed to adequately plead that Larkin acted with the necessary scienter. The court found that Keeney's allegations neither established that Larkin had a particularized motive to commit fraud nor provided other circumstantial evidence showing that Larkin acted intentionally or recklessly. Further, concerning a claim that the assets of a RailWorks subsidiary had been overstated, the district court held that Keeney had not adequately pled that the delayed disclosure of this information proximately caused any damages. Accordingly, the district court dismissed Keeney's claims against Larkin.[1]

## II

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly dismissed Keeney's complaint.[2] Accordingly, we affirm.

*AFFIRMED*

---

[1] The district court also ruled that Keeney's claims against Michael R. Azarela, another former officer of RailWorks, were barred by the statute of limitations. Keeney does not appeal that ruling.

[2] We also reject Keeney's claim that the district court erred in denying him leave to file a second amended complaint. Although the district court did not make specific findings on this issue, the record indicates that the court considered the issue and determined that Keeney's proposed amendments would be futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986). We conclude that this decision was not an abuse of discretion. *See Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

JUDGMENT

FILED: July 20, 2004

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

NO  03-2127
CA-01-2670-AMD

JON KEENEY, on behalf of himself and all others similarly situated

       Plaintiff - Appellant

v

JOHN G  LARKIN; MICHAEL R  AZARELA;

       Defendants - Appellees

RAILWORKS CORPORATION

       Defendant

---

Appeal from the United States District Court for the District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate.  The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
───────────────────────
CLERK

A True Copy, Teste:
Patricia S. Connor, Clerk
BY: _____
Deputy Clerk